IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| FEIGE RUTNER, | ) |
| | ) Civil Action No. _____ |
| Plaintiff, | ) |
| | ) **Removed from the Supreme Court of the** |
| v. | ) **State of New York, Kings County,** |
| | ) **Index No.: 525677/2018** |
| SYNCHRONY BANK, | ) |
| | ) |
| Defendant. | ) |

## NOTICE OF REMOVAL

Defendant, Synchrony Bank ("Synchrony"), by counsel, hereby removes this action from the Supreme Court of the State of New York, Kings County, to the United States District Court for the Eastern District of New York, pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, and in support thereof states as follows:

1. This action is being removed to federal court based on federal question jurisdiction.

2. On or about December 21, 2018, Plaintiff Feige Rutner filed her Complaint in the Supreme Court of the State of New York, Kings County (the "State Court" and "State Court Action"). A true and correct copy of the Complaint is attached hereto as **Exhibit A**.

3. The Complaint was served on Synchrony on February 14, 2019.

4. As set forth more fully below, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441 because Synchrony has satisfied the procedural requirements for removal and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331.

## GROUNDS FOR REMOVAL

**I.  Synchrony Has Satisfied The Procedural Requirements For Removal.**

5. Synchrony was served with the Complaint on February 14, 2019. Therefore, this Notice of Removal is timely filed under 28 U.S.C. § 1446(b).

6. Concurrently with the filing of this Notice of Removal, Synchrony is giving written notice of removal to Plaintiff's counsel (by serving Plaintiff's counsel with a copy of this Notice of Removal, together with all exhibits) and by filing a copy of this Notice of Removal with the Clerk of the State Court pursuant to 28 U.S.C. § 1446(d). A copy of the State Court Notice of Filing of Notice of Removal, without its exhibits, is attached hereto as **Exhibit B**.

**II.  Removal Is Proper Because This Court Has Subject Matter Jurisdiction.**

7. United States District Courts are vested with jurisdiction to consider cases or controversies "arising under" the laws of the United States of America. *See* 28 U.S.C. § 1331.

8. Removal of such cases is governed by 28 U.S.C. § 1441(a). Section 1441(a) provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." *See* 28 U.S.C. § 1441(a).

9. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331, because this matter involves a federal question. Namely, Plaintiff's Complaint purports to assert a claim against Synchrony for alleged violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et. seq*. (the "TCPA"). *See* Complaint, ¶ 1.

10. Plaintiff's Complaint violations of a federal statute—the TCPA—and consequently her claims "arise[] under" the laws of the United States. *See* 28 U.S.C. § 1331. Therefore, this Court may properly exercise jurisdiction over Plaintiff's claims.

11. Given that the requirements for federal question jurisdiction are satisfied, this case is properly removed.

12. Synchrony is the sole defendant, which obviates any issues concerning any co-defendant's consent, *vel non*, to the instant removal.

13. Venue lies with this Court because the State Court Action is pending in Supreme Court of the State of New York, Kings County, which is within this District and Division. *See* 28 U.S.C. §§ 1441 and 1446(a).

14. Synchrony has good and sufficient defenses to this action and does not waive any defenses, jurisdictional or otherwise, by the filing of this Notice.

15. This Notice is filed in accordance with Rule 11 of the Federal Rules of Civil Procedure.

WHEREFORE, Defendant Synchrony Bank, by counsel, respectfully removes this action from the Supreme Court of the State of New York, Kings County to this Court pursuant to 28 U.S.C. §§ 1441 and 1446, and requests that this Court retain jurisdiction for all further proceedings in this matter.

Dated: March 13, 2019

*/s/ Melissa A. Brown*
Melissa A. Brown
599 Lexington Avenue
New York, New York 10022
(P) 212-549-4183
(F) 212-521-5450
mabrown@reedsmith.com
*Attorneys for Defendant*
*Synchrony Bank*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on March 13, 2019, a true and correct copy of the foregoing was served via first class mail and email to:

Edward B. Geller, Esq.
Edward B. Geller, Esq., P.C., Of Counsel to
M. Harvey Rephen & Associates, P.C.
15 Landing Way
Bronx, New York 10464
*Counsel for Plaintiff*

/s/ *Melissa A. Brown*
Melissa A. Brown