REC'D - DRAPER
FEB 14 2019

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

FEIGE RUTNER,

        Plaintiff,

Index No. 525677/18

SUMMONS

-against-

SYNCHRONY BANK,

        Defendants,

DATE: 2-14-19
TIME: 11:50 am
WHO: Dank / Thomson
BY: [signature]
LIC# A127621

ICU Investigations, LLC   435-986-1200
250 N Red Cliffs Dr. #48-275, St George, UT 84790

To the above named Defendant(s):

    Y O U   A R E   H E R E B Y   S U M M O N E D to answer the complaint in this action and to serve a copy of your answer on the Plaintiff's Attorney(s) within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York). In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

The basis of the venue designated is Plaintiff's address.

Dated: December 21, 2018

Edward B. Geller, Esq., P.C., Of Counsel to
M. Harvey Rephen & Associates, P.C.
Attorney for Plaintiff
15 Landing Way
Bronx, New York 10464

Synchrony Bank
Defendant
170 West Election Road, Ste. 125
Draper, UTAH 84020

SUPREME COURT OF THE STATE OF NEW YORK
KINGS COUNTY

-----------------------------------------------------------------X

FEIGE RUTNER,

                      Plaintiff,

-against-

SYNCHRONY BANK,

                      Defendant(s).

-----------------------------------------------------------------X

Index No.:

**COMPLAINT FOR VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT**

## INTRODUCTION/PRELIMINARY STATEMENT

Plaintiff FEIGE RUTNER ("Plaintiff"), by and through her attorney, M. Harvey Rephen & Associates, P.C. by Edward B. Geller, Esq., P.C., Of Counsel,, as and for her Complaint against the Defendant SYNCHRONY BANK , (hereinafter referred to as Defendant(s)"), respectfully sets forth, complains and alleges, upon information and belief, the following:

## INTRODUCTION/PRELIMINARY STATEMENT

1. Plaintiff brings this action on her own behalf for damages and declaratory and injunctive relief arising from the Defendant's violation(s) under Title 47 of the United States Code, §227 commonly known as the Telephone Consumer Protection Act (TCPA).

2. Defendant is subject to, and required to abide by, the laws of the United States and the State of New York, which include the Telephone Consumer Protection Act of 1991, 47 U.S.C. §227, et seq. ("TCPA") and its related regulations, including 47 C.F.R. §64.1200 ("TCPA

Regulations"), as well as the opinions, regulations and orders issued by the Federal Communications Commission to implement and enforce the TCPA, the telemarketing regulations issued by the Federal Trade Commission, 16 C.F.R. §310.4(d)(2).

## PARTIES

3. Plaintiff FEIGE RUTNER is a resident of the State of NEW YORK residing at 154 RUTLEDGE STREET, BROOKLYN, NY 11211.

4. Defendant SYNCHRONY BANK has a Corporate Headquarters located at 170 WEST ELECTION ROAD, SUITE 125, DRAPER UT. 84020

## FACTUAL ALLEGATIONS

5. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "4" herein with the same force and effect as if the same were set forth at length herein.

6. On or about July of 2017, Defendant began communicating with the Plaintiff by placing automated telephone calls to her cell phone numbers 917-627-9946 and 718-781-5419.

7. On July 5, 2017, in response to these calls, the Plaintiff called the Defendant and was connected with a male representative. The Plaintiff informed him that she had been receiving autodialed calls on her cell phone numbers 917-627-9946 and 718-781-4519 and gave her name.

8. The representative asked the Plaintiff whose account she was calling about.

9. The Plaintiff stated it was her husband's account, that Defendant kept calling her phone numbers, and that it was very annoying.

10. The representative asked for the Plaintiff's husband's name and she said Hersh.

11. The representative informed the Plaintiff that they were trying to contact her husband, and the Plaintiff stated she would try and let him know and that Defendant should stop

calling her phone numbers. The audio started to fade and became harder to hear and the call was then concluded.

12.     The Defendant continued to call Plaintiff's phone numbers despite her explicit request for the calls to stop. Since July 5, 2017, the Plaintiff has received at least 131 calls to her cell phone numbers 917-627-9946 and 718-781-4519 from Defendant, despite her explicit request for the calls to stop.

## FIRST CAUSE OF ACTION
*(Violations of the TCPA)*

13.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "12" herein with the same force and effect as if the same were set forth at length herein.

14.     According to the Telephone Consumer Protection Act 47 USC §227(b)(A)(iii), "It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States (A) to make any call (other than a call made for emergency purposes or made with the prior consent of the called party) using any automatic telephone dialing system or an artificial or pre-recorded voice--- (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call, unless such call us made solely to collect a debt owed to or guaranteed by the United States."

15.     It has been determined that the statutory language adding "or" any service for which the called party is charged, is not accurately interpreted to require that Plaintiff must claim that Defendant's calls incurred charges. See *Breslow c. Wells Fargo Bank, N.A.* 857 F. Supp 2d 1316, 1319 (S.D. Fla. 2012) and *Cavero v. Franklin Collection Serv., Inc.*, 2012 WL 279448 (S.D. Fla. 2012). A number of Courts have addressed the issue of a Plaintiff being charged with

all agreeing that the TCPA does not require a Plaintiff who received calls on his/her *cell phone* to allege that he/she was charged for the call. For example, in *Manno v.Healthcare Revenue Recovery Grp., LLC*, 289 F.R.D. 674 (S.D. Fla. 2013), the Court held that "The TCPA does not require the plaintiff to be 'charged for' the calls in order to have standing to sue." In *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242 (11th Cir. 2014), the Court stated: If the phrase 'any service for which the called party is charged for the call' requires that the party be charged per call for the 'paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service' in order for the party to prohibit autodialed calls, then the listing of these services would be superfluous because they are already included under them 'any service for which the called party is charged.' On the other hand, reading 'any service for which the called party is charged for the call' as an additional item beyond any call to a 'paging service, cellular telephone service, specialized mobile radio service, or other common carrier service,' regardless of whether the called party is charged, gives independent meaning to each term."

16. It is thus clear from the plain language of the TCPA, and its considerable body of resultant case law, that the TCPA is violated when a cellular telephone is called with an automatic dialer without consent, even if no charges are alleged or incurred.

17. With the autodialed calls to Plaintiff's telephone commencing in or about July 2017 and continuing at a rate of approximately 131 times thereafter, the Defendant violated various provisions of the TCPA, including but not limited to 47 USC §227(b)(A)(iii).

18. The Defendant, having been informed that Plaintiff requested that no further calls be received, willfully violated the TCPA at least 131 times.

19. Pursuant to the TCPA Omnibus Declaratory Ruling and Order, July 2015, paragraphs 138 and 139, communications from banking institutions which are exempt "…are all

intended to address exigent circumstances in which a quick, timely communication with a consumer could prevent considerable consumer harms from occurring or, in the case of the remediation calls, could help quickly mitigate the extent of harm that will occur." Pursuant to Paragraph 139, (3) and (7) "In light of these considerations, we adopt the following conditions for each exempted call (voice call or text message) made by a financial institution:

3) voice calls and text messages are strictly limited to purposes discussed in paras. 129-137 above and must not include any telemarketing, cross-marketing, solicitation, debt collection, or advertising content;

7) a financial institution must honor opt-out requests immediately."

20.  Defendant is in violation of the TCPA paragraphs 139 (3) for, upon information and belief, having used its calls for debt collection and (7), failing to honor Plaintiffs' desire to opt out of telephone communications despite Plaintiff's clear, unequivocal and repeated requests that such automatic calls cease.

21.  Defendant violated various provisions of the TCPA, including but not limited to 47 USC §227(b)(A)(iii).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment from the Defendant as follows:

A.  For trebled damages to be awarded to the Plaintiff in accordance with the TCPA, for each of the Defendant's willful or knowing violations of the TCPA, in the amount of $196,500.00;

B.  A declaration that the Defendant's practices violated the TCPA;

    C.    For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Dated: November 27, 2018

Respectfully submitted,

*[signature]*

EDWARD B. GELLER, ESQ.
Edward B. Geller, Esq., P.C., Of Counsel to
M. Harvey Rephen & Associates, P.C.
15 Landing Way
Bronx, New York 10464
Tel:(914)473-6783

*Attorney for the Plaintiffs',*
FEIGE RUTNER

## AFFIRMATION

I, Feige Rutner, under the penalty of perjury, deposes and say:

I am the Plaintiff in the above entitled action. I have read the foregoing Complaint and know the contents thereof. The same are true to my knowledge, except as to matters therein stated to be alleged on information and belief and as to those matters I believe them to be true.

_____
Feige Rutner

_____ [Printed]
Plaintiff

Affirmed before me this ___ day of _____ 2018

_____
Notary Public

SOLOMON ITZKOWITZ
NOTARY PUBLIC-STATE OF NEW YORK
No. 01IT4795441
Qualified in Kings County
Commission Expires 07-30-2022